**WO**                                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Samuel Meyers, | ) No. CV 10-1775-PHX-JAT (LOA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

Plaintiff Paul Samuel Meyers, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  On August 30, 2010, Plaintiff filed an Amended Complaint (Doc. 5).  The Court will order Defendants Pickett and Wade to answer Counts I and III of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

1  separate Order requiring the appropriate government agency to collect and forward the fees

2  according to the statutory formula.

3  **II.   Statutory Screening of Prisoner Complaints**

4         The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.

9  28 U.S.C. § 1915A(b)(1), (2).

10        A pleading must contain a "short and plain statement of the claim *showing* that the

11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

12  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

13  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

14  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice."  Id.

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

19  that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

21  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

22  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

23  allegations may be consistent with a constitutional claim, a court must assess whether there

24  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

25        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

26  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL

27  2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be

28  held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting

1   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

2   **III.   Amended Complaint**

3          Plaintiff names the following Defendants in the Amended Complaint: Maricopa

4   County Sheriff Joseph M. Arpaio; Detention Officers Pickett, Proud, and Wade; and Control

5   Tower Officers John Does.

6          Plaintiff raises four grounds for relief in the Amended Complaint:

7          (1)    Plaintiff's Fourth Amendment rights were violated when Defendant Pickett

8                 woke Plaintiff up in the middle of the night, yelled at Plaintiff to stand up after

9                 seeing that Plaintiff had a pen, "slammed" handcuffs on Plaintiff's right hand,

10                slammed Plaintiff into a wall, and pulled Plaintiff sideways out of the pod and

11                down a hallway to a holding cell;

12         (2)    Plaintiff's Fourteenth Amendment rights were violated when Defendant Proud

13                disregarded safety protocols and allowed Plaintiff to be attacked by other

14                inmates;

15         (3)    Plaintiff's Fourteenth Amendment rights were violated when, after being

16                injured by other inmates, he was placed in a holding cell with feces in his

17                clothes and was not provided with clean clothing until the next day; and

18         (4)    Plaintiff's Fourteenth Amendment rights are violated because he is not

19                provided with sufficient cleaning supplies or clean clothes and inmate assaults

20                are widespread.

21         Plaintiff seeks money damages.

22  **IV.   Failure to State a Claim**

23         **A.    Count II**

24         In Count II, Plaintiff claims that he was threatened by other inmates and that threats

25  to Plaintiff's safety were common knowledge.  Plaintiff alleges that after escorting Plaintiff

26  to "medical," Defendant Proud failed to lock down the general population before escorting

27  Plaintiff back into the general population pod.  Plaintiff alleges that this failure to follow

28  policy resulted in Plaintiff being attacked by other inmates.

1    The Supreme Court has held that mere negligent failure to protect an inmate from

2    another inmate is not actionable under § 1983.  <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986).

3    A prison official violates the Eighth and Fourteenth Amendments in failing to protect one

4    inmate from another only when two conditions are met.  First, the alleged constitutional

5    deprivation must be, objectively, "sufficiently serious;" the official's act or omission must

6    result in the denial of "the minimal civilized measure of life's necessities." <u>Farmer v.</u>

7    <u>Brennan</u>, 511 U.S. 825, 834 (1994).  Second, the prison official must have a "sufficiently

8    culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or

9    safety.  <u>Id.</u>  In defining "deliberate indifference" in this context, the Supreme Court has

10   imposed a subjective test:

11   > the official must <u>both</u> be aware of the facts from which the inference could be
     > drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the
12   > inference.

13   <u>Id.</u> at 839 (emphasis supplied).

14   In this case, Plaintiff has not alleged facts sufficient to demonstrate that Defendant

15   Proud had a sufficiently culpable state of mind; Plaintiff has not alleged facts showing that

16   Defendant Proud was aware of threats to Plaintiff's safety or that he concluded that escorting

17   Plaintiff into the pod without placing the rest of the population on lockdown would result in

18   a risk of harm to Plaintiff.  Plaintiff's facts demonstrate at most that Defendant Proud was

19   negligent in failing to follow procedures.  This is not sufficient to state a claim and the Court

20   will dismiss Count II.

21   **B.    Count IV**

22   To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

23   injury as a result of specific conduct of a defendant and show an affirmative link between the

24   injury and the conduct of that defendant.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377

25   (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

26   position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

27   does not impose liability.  <u>Monell v. New York City Department of Social Services</u>, 436 U.S.

28   658, 691-92 (1978); <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1067 (9th Cir. 1992); <u>Taylor v. List</u>,

880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  <u>Iqbal</u>, 129 S. Ct. at 1948.

Plaintiff has not sufficiently linked his conditions of confinement allegations in Count IV to any of the named Defendants.  Although Plaintiff states that Defendant Arpaio is "deliberate[ly] indifferent to the housing and sanitary issues," Plaintiff does not make specific factual allegations regarding Defendant Arpaio.  Plaintiff does not allege that Defendant Arpaio personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  A conclusory allegation that Defendant Arpaio was deliberately indifferent is not sufficient to state a claim and the Court will therefore dismiss Count IV.

**V.   Claims for Which an Answer Will be Required**

In Count I, Plaintiff claims that Defendant Pickett used excessive force on him, in violation of the Fourth Amendment, when he cuffed Plaintiff, slammed Plaintiff into a wall, and dragged Plaintiff out of his pod even though Plaintiff had been asleep and did not move or threaten Defendant Pickett.

In Count III, Plaintiff claims that after being injured, he was placed in a holding cell while wearing clothes with feces in them.  Plaintiff states he requested clean clothing from the control tower officers (Doe Defendants), but they laughed at him and failed to give him clean clothing.  Plaintiff states that he also asked Defendant Wade for clean clothes, but Defendant Wade ignored Plaintiff's requests.  Plaintiff did not receive clean clothing until the next evening.

Liberally construed these allegations adequately state a claim and the Court will require Defendants Pickett and Wade to answer Counts I and III of the Amended Complaint.

Although Plaintiff has alleged his claim with enough specificity to require an answer to Count III from Defendants John Does, the Court will not direct that service be made on the John Doe Defendants at this time. Generally, the use of John Doe-type appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible

1   for the United States Marshal to serve a summons and complaint upon a John Doe defendant.

2   However, the Court will not dismiss the claim against the Doe Defendants at this time.  See

3   Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing  Gillespie v. Civiletti,

4   629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known

5   prior to filing of complaint, plaintiff should be given an opportunity through discovery to

6   identify the unknown defendants, unless it is clear that discovery would not uncover the

7   identities, or that the complaint would be dismissed on other grounds).

8   　　　If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his

9   his Complaint to name them.  Because Plaintiff has already filed an Amended Complaint,

10   Plaintiff must file a motion requesting leave to amend and submit a proposed amended

11   complaint.  Fed. R. Civ. P. 15(a)(2).

12   **VI.    Warnings**

13   　　　**A.    Release**

14   　　　Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

15   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

16   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

17   in dismissal of this action.

18   　　　**B.    Address Changes**

19   　　　Plaintiff must file and serve a notice of a change of address in accordance with Rule

20   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

21   relief with a notice of change of address.  Failure to comply may result in dismissal of this

22   action.

23   　　　**C.    Copies**

24   　　　Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

25   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

26   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

27   an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

28   may result in the filing being stricken without further notice to Plaintiff.

1

### D.     Possible Dismissal

2      If Plaintiff fails to timely comply with every provision of this Order, including these

3 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

4 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5 comply with any order of the Court).

6 **IT IS ORDERED:**

7      (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

8      (2)     As required by the accompanying Order to the appropriate government agency,

9 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

10      (3)     Counts II and IV of the Amended Complaint and Defendants Arpaio and Proud

11 are **dismissed** without prejudice.

12      (4)     Defendants Pickett and Wade must answer Counts I and III of the Amended

13 Complaint.

14      (5)     The Clerk of Court must send Plaintiff a service packet including the Amended

15 Complaint (Doc. 5), this Order, and both summons and request for waiver forms for

16 Defendants Pickett and Wade.

17      (6)     Plaintiff must complete and return the service packet to the Clerk of Court

18 within 21 days of the date of filing of this Order.  The United States Marshal will not provide

19 service of process if Plaintiff fails to comply with this Order.

20      (7)     If Plaintiff does not either obtain a waiver of service of the summons or

21 complete service of the Summons and Amended Complaint on a Defendant within 120 days

22 of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

23 the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

24 16.2(b)(2)(B)(I).

25      (8)     The United States Marshal must retain the Summons, a copy of the Amended

26 Complaint, and a copy of this Order for future use.

27      (9)     The United States Marshal must notify Defendants of the commencement of

28 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

1   Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

2   Marshal must immediately file requests for waivers that were returned as undeliverable and

3   waivers of service of the summons.  If a waiver of service of summons is not returned by a

4   Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

5   Marshal must:

6           (a)    personally serve copies of the Summons, Amended Complaint, and this

7   Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

8   Procedure; and

9           (b)    within 10 days after personal service is effected, file the return of service

10  for Defendant, along with evidence of the attempt to secure a waiver of service of the

11  summons and of the costs subsequently incurred in effecting service upon Defendant.

12  The costs of service must be enumerated on the return of service form (USM-285) and

13  must include the costs incurred by the Marshal for photocopying additional copies of

14  the Summons, Amended Complaint, or this Order and for preparing new process

15  receipt and return forms (USM-285), if required. Costs of service will be taxed against

16  the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

17  Procedure, unless otherwise ordered by the Court.

18      (10)   **A Defendant who agrees to waive service of the Summons and Amended**

19  **Complaint must return the signed waiver forms to the United States Marshal, not the**

20  **Plaintiff.**

21      (11)   Defendants must answer the Amended Complaint or otherwise respond by

22  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

23  the Federal Rules of Civil Procedure.

24      (12)   Any answer or response must state the specific Defendant by name on whose

25  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

26  does not identify the specific Defendant by name on whose behalf it is filed.

27  . . .

28  . . .

1    (13)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

2  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

3  authorized under 28 U.S.C. § 636(b)(1).

4    DATED this 21st day of September, 2010.

5

6

7  _____

      James A. Teilborg
8      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28