**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Samuel Meyers,<br><br>    Plaintiff,<br><br>vs.<br><br>Arpaio, et al.,<br><br>    Defendants. | No. CV-10-1775-PHX-JAT (LOA)<br><br>**ORDER** |

This matter arises on Plaintiff's two Motions to Compel. (Docs. 27, 30) Defendants oppose the first motion as vague and untimely, doc. 29, and did not respond to the second motion.

**I. Background**

Plaintiff filed this § 1983 civil rights action on August 19, 2010 and amended the complaint on August 30, 2010. (Docs. 1, 5) After screening the Amended Complaint and Defendants answered, the Court entered a scheduling and discovery order on December 23, 2010. (Doc. 12) The discovery dispute and dispositive motion deadlines were April 25, 2011 and June 24, 2011, respectively. (*Id.* at 2) The scheduling and discovery order makes clear that

> [t]he Court will not entertain motions to compel discovery, motions for sanctions, motions for protective orders, or the like unless and until there has been compliance with the following procedure: ***In the event of a dispute over discovery, the parties must confer in good faith, in person or by telephone, and attempt to resolve the dispute. Rule 37(a), Federal Rules of Civil Procedure; Rule 7.2(j), Rules of Practice of the U.S. District Court for the District of Arizona.***

1  (*Id.* at 3) (emphasis in original).

2  In both motions, Plaintiff seeks an order compelling Defendant Pickett to produce video evidence. (Docs. 27, 30) Plaintiff filed his first motion on July 8, 2011. (*Id.*) On July 15, 2011, Defendants objected to Plaintiff's motion, stating that (1) Plaintiff did not consult with the Defendant to resolve the issue before filing the motion, and (2) the motion is untimely because the December 23, 2010 Scheduling Order, doc. 12, established an April 25, 2011 deadline for notifying the Court of discovery disputes. Rather than filing a reply, on July 29, 2011, Plaintiff filed a second Motion to Compel seeking the same relief.

**II. Rule 16, Fed.R.Civ.P.**

"While the scope of the district court's authority over pretrial proceedings is broad, it is tempered in pro se prisoner civil rights cases. For example, Federal Rule of Civil Procedure 26 specifically exempts pro se prisoner lawsuits from the initial disclosure requirements, Fed.R.Civ.P. 26(a)(1)(B)(iv), and from initial conference requirements, Fed.R.Civ.P. 26(f)." *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008) (*per curiam*), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2852 (2009). "The district court is not required to conduct a pretrial conference in prisoner cases, though there is no rule forbidding it. See Fed.R.Civ.P. 16(a)." *Id.* Nevertheless, a scheduling order may be modified upon a showing of good cause. Fed.R.Civ.P. 16(b). Good cause exists when the moving party demonstrates he or she cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" inquiry "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007) (citing *Johnson*, 975 at 609). The scheduling order "controls the course of the action unless the court modifies it[]" and Rule "16 is to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

District "courts generally look[] to the deadline for completion of discovery in considering whether a motion to compel has been timely filed." *Rogers v. Brauer Law Offices, PLC*, 2011 WL 3665346, * 4 (D.Ariz., August 22, 2011) (quoting *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397 (N.D.Tex.2006) (citing *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of

- 2 -

1 discovery motion was error where the motion was filed two months after the date set by the
2 court for the completion of discovery and the plaintiffs gave no excuse for tardiness); *Ginett v.*
3 *Fed. Express*, 166 F.3d 1213, 1998 WL 777998, at * 5 (6th Cir. 1998) (Table) (finding no abuse
4 of discretion when the trial court denied a motion to compel filed two months after the
5 discovery deadline, because the plaintiff knew of the document at issue long before the
6 discovery deadline).

7 The district court in *Days Inn Worldwide* identified several factors the courts have
8 considered in determining whether a motion to compel filed after the discovery deadline was
9 untimely or should be permitted: "1) the length of time since the expiration of the deadline, (2)
10 the length of time that the moving party has known about the discovery, (3) whether the
11 discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether
12 dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to
13 the party from whom late discovery was sought, and (9) disruption of the court's schedule."
14 237 F.R.D. at 398. The Court will analyze these factors to determine whether good cause exists
15 to consider Plaintiff's untimely discovery motion which, if granted, would necessarily result in
16 a *de facto* modification of the scheduling order.

17 **III. Discussion**

18 Plaintiff's untimely discovery motion was first filed on July 8, 2011, over two months
19 after the April 25, 2011 discovery dispute deadline. (Docs. 12, 27) That is a significant delay
20 considering the likelihood that video recordings of the kind requested - Nice Vision video
21 recordings of prison activities - are not saved indefinitely. A two-month delay would only
22 decrease the likelihood of the video being available.

23 Plaintiff knew about the evidence in question at least four months before the April 25
24 deadline as shown by his letter to the defendants dated January 1, 2011. (Doc. 27) While this
25 Court appreciates, as the rules require, Plaintiff's genuine efforts to personally and informally
26 resolve the discovery dispute, there comes a point in every case, as deadlines approach, when
27 a motion to compel must be filed. In this case, that point came before July 8, which was two

1 months after the discovery dispute deadline, doc. 12, and at least six months after Plaintiff knew
2 about the evidence, doc. 27.

3       The Court has not extended, and Plaintiff has not requested that the Court extend, the
4 discovery dispute deadline.  Moreover, Plaintiff does not explain in either Motion to Compel
5 why he failed to meet the discovery deadline, or even acknowledge that he failed to meet that
6 deadline.  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not
7 usually constitute 'excusable' neglect." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S.
8 380, 392 (1993).

9       Defendants filed a motion for summary judgment on June 24, doc. 23, two weeks
10 before Plaintiff filed the first motion to compel, doc. 27.  Thus, extending the discovery dispute
11 deadline now would necessarily disrupt the Court's case management.

12       Neither Plaintiff nor Defendants explain how denying or granting Plaintiff's discovery
13 motion prejudices him or them. In the Ninth Circuit, however, "[p]rejudice is not the relevant
14 inquiry. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party
15 seeking the amendment." *Global Bldg. Sys. v. Brandes*, 2008 WL 477876, at * 3 (D.Ariz., Feb.
16 19, 2008) (quoting *Johnson*, 975 F.2d at 609) (internal quotation marks omitted).  "Although
17 the existence or degree of *prejudice to the party opposing the modification* might supply
18 additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons
19 for seeking modification [of the Rule 16 schedule]. If that party was not diligent, the inquiry
20 should end." *Id*. (emphasis added).  As previously mentioned, Plaintiff has not been diligent in
21 pursuing a discovery order before the discovery dispute deadline expired and, therefore, the
22 inquiry will end.

23 **IV. Conclusion**

24       After weighing the above factors, the Court concludes that good cause does not exist
25 to consider Plaintiff's untimely motion.

26       Accordingly,
27 / / /
28 / / /

- 4 -

**IT IS ORDERED** that Plaintiff's Motions to Compel, docs. 27, 30, are **DENIED.**

Dated this 6th day of September, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge