**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul Samuel Meyers, | ) | No. CV-10-1775-PHX-JAT (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arpaio, et al., | ) | |
| Defendants. | ) | |

This matter arises on Plaintiff's Motion for Reconsideration, doc. 46, regarding the Court's order, doc. 36, denying Plaintiff's Motions to Compel, docs. 27, 30.

**I. Motions for Reconsideration**

"A motion for reconsideration is meant to correct 'manifest error' or to present 'new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence.'" *Ariz. ex rel. Goddard v. Frito-Lay, Inc.*, 273 F.R.D. 545, 558 (D.Ariz. 2011) (quoting Local R. Civ. P. 7.2(g)). The motion must provide a valid ground for reconsideration by showing two elements. *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 649 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988). First, it must demonstrate some valid reason why the Court should reconsider its prior decision. *Id.* Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id.* Courts have distilled three major grounds justifying reconsideration. They are: 1) an intervening change in the controlling law, 2) the availability of new evidence, and 3) the need to

correct clear error or prevent manifest injustice. *Kennedy v. Lubar*, 273 F.3d 1293, 1299, fn. 6 (10th Cir. 2001); *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995), *cert. denied*, 516 U.S. 1029 (1995); *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987); *see generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4478 at 790. A motion for reconsideration is not an opportunity to "merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation, Inc. v. United States*, No. 98-CV-5952 JG, 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000).

The District of Arizona's Local Rule ("LRCiv") 7.2(g)(1) provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g), as amended on December 1, 2010.

**II. Discussion**

Plaintiff files this motion for reconsideration and explains, again, his reasons for his untimely filing of the motions to compel, docs. 27, 30. He states that he could have done "a better job [explaining] the tardiness of his motion to compel." (Doc. 46 at 1) Plaintiff then explains that while he was diligent in his discovery requests to Defendant, "Defendant . . . use[d] the scheduling order to dupe the Plaintiff." (*Id*. at 2)

Plaintiff does not assert the change in any controlling law; he does not assert the availability of any new evidence; and he does not assert that the Court made a clear error that it must correct. *See, e.g.*, *All Hawaii Tours Corp.*, 116 F.R.D. at 649 (recognizing three grounds for justifying reconsideration). Plaintiff does little more than repeat his motion to compel using slightly different words. "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). Indeed,

| | |
|---|---|
| 1 | the Court addressed this very issue in its order denying Plaintiff's motions to compel, and |
| 2 | concluded that "inadvertence, ignorance of the rules, or mistakes construing the rules do |
| 3 | not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, |
| 4 | 507 U.S. 380, 392 (1993). |
| 5 | Under the standard set forth above, the Court sees no compelling reason to |
| 6 | reconsider its decision. Thus, the Motion to Reconsider Order of September 14, 2011, |
| 7 | doc. 46, is **DENIED**. |
| 8 | Dated this 16th day of September, 2011. |

*signature*

Lawrence O. Anderson
United States Magistrate Judge